IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> SHARROD GREEN, <br><br> *Defendant.* | Criminal No. 19-85 |

OPINION

Counsel for defendant Sharrod Green ("Green") filed an Emergency Motion for Release from pretrial detention in light of the COVID-19 pandemic (ECF No. 39). The government filed a response in opposition to Green's request to be released from the Allegheny County Jail ("ACJ") (ECF No. 42), and Green filed a reply brief (ECF No. 44). For the reasons that follow, Green's motion will be denied.

Green was indicted by a federal grand jury in March 2019, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(l). The government filed a request for detention on May 8, 2019 (ECF No. 13). Initially, Green waived a detention hearing. On July 23, 2019, a detention hearing was held before a United States Magistrate Judge. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearing, the magistrate judge found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community (ECF No. 29).

The magistrate judge's reasons for detention included the following: Green's prior criminal history; his participation in criminal activity while on probation, parole or supervision; his history of violence or use of weapons; and his lack of stable employment (ECF No. 29). Green never requested review of the detention order by this court. In his pending motion, Green does not contest that he was lawfully detained under the provisions of 18 U.S.C. § 3142.

Green seeks relief under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another *compelling reason."* 18 U.S.C. § 3142(i) (emphasis added). The Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i). Indeed, Green's attorney requested that the motion be decided without a hearing. The Court is able to resolve the motion without a hearing or oral argument.

Green contends that he is at much graver risk of contracting COVID-19 at ACJ than if released to home confinement, and that he is particularly vulnerable because he has a documented history of asthma (ECF No. 44-1). In addition, Green's counsel is working remotely and practicing social distancing, which includes not visiting Green at the ACJ. Defense counsel questions the ACJ's ability to accommodate confidential attorney-client telephone calls. Green argues that these changed circumstances require his immediate release. Green maintains the same release plan he offered at his detention hearing, i.e., living with his father, remains available and that he is not a flight risk. Green did not address the "safety of the community" concerns.

In opposing the motion, the government proffers that the firearm Green is charged with illegally possessing was used the same day at a shooting in Monroeville Mall. The

government points out that Green was charged seven times with committing crimes while on probation, parole or bond. The government notes Green's extensive criminal history (involving drugs and guns) and lack of gainful employment, and expresses skepticism that residing with his father will prevent Green from engaging in further criminal conduct.

The Court recognizes the potential for Green's exposure to the COVID-19 virus at the Allegheny County Jail ("ACJ"). Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the ACJ, along with this court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. As of the date of this opinion and order, the COVID-19 virus has not been detected at the ACJ. Additionally, there is no indication that Green's medical needs are not being addressed at the ACJ; in fact, he is seemingly receiving appropriate medical care. While the Court is sympathetic to Green's medical concerns and claims regarding possible complications caused by the COVID-19 virus, such speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release. In other words, Green's current arguments for release do not outweigh the factors considered by the magistrate judge in ordering his detention.

With respect to defense counsel's general concerns about being able to communicate with Green, the court is confident that ACJ officials will respect the privileged nature of attorney-client telephone calls. In addition, written correspondence is also a viable method of communication. These forms of communication are sufficient given that pretrial motions are not due until May 11, 2020, and the United States District Court for the Western District of Pennsylvania has already stated that "the period of time from March 13, 2020 to April 27, 2020 is considered to be excluded time in *all* criminal proceedings in this Court pursuant to U.S.C. § 3161(h)(7)(A)." *See* Misc. No. 2:20-mc-394-MRH. If requested, the Court will consider granting an additional extension of time for Green's pretrial motions in light of the practical difficulties caused by the pandemic.

Conclusion

The Court concludes that the order detaining Green remains appropriate. Temporary release of Green is not warranted. The Emergency Motion for Release from pretrial detention in light of the COVID-19 pandemic (ECF No. 39) will be DENIED.

An appropriate order follows.


Dated: March 27, 2020


/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge